Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Tiereney L. Bowman
State Bar No. 24136751
tbowman@canteyhanger.com
**CANTEY HANGER LLP**
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, TX  76102
T: (817) 877-2800
F: (817) 877-2807

**COUNSEL TO ADVISORY
FINANCIAL SERVICES, LLC**

## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 7 |
| | § | |
| LA SERVICES, LLC | § | Case No. 25-41496-mxm7 |
| | § | |
| Debtor. | § | |

### ADVISORY FINANCIAL SERVICES, LLC'S
### <u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(B), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., FORT WORTH,**

**TEXAS 76102, BEFORE THE CLOSE OF BUSINESS ON JUNE 2, 2025, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE.**

**ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Advisory Financial Services, LLC ("AFS") moves the Court for relief from the automatic stay and would show as follows:

**I.**
**RELIEF REQUESTED**

1.      Earlier this year, AFS filed a lawsuit against LA Services, LLC ("the Debtor"), Adrianne Foyt (president and 99% owner of the Debtor), and Leonard Foyt, Jr. (vice president of the Debtor and Adrianne's husband), which is styled and numbered as *Advisory Financial Services, LLC v. LA Services, LLC et al.*, Cause No. C2025005, in the 355th Judicial District Court, Hood County, Texas ("the Hood County Lawsuit").[1]

2.      AFS wishes to amend its petition in the Hood County Lawsuit to (a) dismiss the Debtor, (b) join an entity co-owned by Adrianne's daughter and (apparent) ex-husband named Dynamic Services FCC, LLC ("Dynamic"), and (c) assert new claims against the individual defendants.

3.      Although these planned amendments will result in the Debtor's dismissal from the Hood County Lawsuit, AFS files this motion, in an abundance of caution, asking the Court for

---

[1] AFS asks the Court to take judicial notice of the Hood County Lawsuit under Federal Rule of Evidence 201 and Federal Rule of Bankruptcy Procedure 9017. Also, the Debtor identifies the Hood County Lawsuit in its petition. *See* ECF No. 1, at 62, Part 3.

relief from the automatic stay to allow AFS to file its proposed amended petition and move forward in the Hood County Lawsuit against Dynamic and the individual defendants.

## II.
## JURISDICTION AND VENUE

4.      The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The predicates for the relief requested herein are 11 U.S.C. §§ 105 and 362, which may be implemented under Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## III.
## BACKGROUND

7.      In early 2024, AFS entered into a factoring agreement with the Debtor under which AFS purchased certain of the Debtor's assets (namely, accounts receivable or invoices) and took a security interest in all of the Debtor's accounts.  *See* Ex. A, Reynolds Aff. ¶ 5, Ex. A-1. Adrianne Foyt and Leonard Foyt Jr. ("the Foyts") personally guaranteed the Debtor's obligations under the factoring agreement. *See* Ex. A, Reynolds Aff. ¶¶ 6-7, Ex. A-2, Ex. A-3.

8.      In late October into early November 2024, the Debtor and/or the Foyts received $734,807.31 in payments on accounts receivables that AFS had purchased. *See* Ex. A., Reynolds Aff. ¶ 10. Under the factoring agreement, the Debtor was required to "act as trustee" of such payments for the benefit of AFS, the owner of the proceeds of the invoices or receivables, and remit the payments to AFS.  *See* Ex. A-1. The Debtor and the Foyts did not disclose the $734,807.31 to AFS, and they did not remit payment to AFS.  *See* Ex. A., Reynolds Aff. ¶ 11.

3

Instead, they deliberately concealed the funds (until AFS learned about them) and evidently spent the funds elsewhere. *See id.*

9. Although AFS did not know at the time that the Debtor and/or the Foyts had already received the aforementioned payments, AFS sent a letter to the Debtor and the Foyts on November 4, 2024, noting that they had breached the factoring agreement and corresponding guarantees because AFS had not been paid for several outstanding accounts receives that it had purchased. *See* Ex. A, Reynolds Aff. ¶ 8, Ex. A-4.

10. On November 15, 2024—just two weeks after the payments at issue and just nine days after the Debtor and the Foyts received AFS's demand letter—Dynamic was formed on behalf of Adrianne's daughter and the daughter's father. *See* Ex. B. Dynamic appears to have begun work for the Debtor's customers right away and effectively continued the Debtor's operations. Adrianne's cell phone number is listed in the contact information on Dynamic invoices. Although AFS's investigation is ongoing, there are facts indicating that Dynamic was created for the purpose of avoiding liabilities owed to AFS.[2]

11. AFS wishes to amend its petition in the Hood County Lawsuit to join Dynamic as a recipient of transfers that violated the Texas Uniform Fraudulent Transfers Act ("TUFTA"), among other potential claims. AFS also envisions adding TUFTA claims and potentially other new causes of action against the Foyts, individually. Importantly for purposes of this motion, AFS plans to dismiss the Debtor as a defendant in light of the Debtor's bankruptcy filing.

12. Given the nature of the allegations against Dynamic and the Foyts and their relationships to the Debtor, however, AFS seeks relief from the automatic stay, out of an abundance of caution, before proceeding against Dynamic and the Foyts.

---

[2] AFS has not provided evidence to support these facts because the purpose of the facts is merely to provide background for AFS's requested relief from the stay.

## IV.
## BASIS FOR RELIEF REQUESTED

13.     Under § 362(d)(1), a creditor can obtain a lifting of the stay" for cause." 11 U.S.C.

§ 362(d)(1) (2025). The term "cause" is not defined in the Code. Whether cause exists is a fact-

intensive inquiry that must be determined on a case-by-case basis. *See In re Xenon Anesthesia of*

*Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); *In re Bovino*, 496 B.R. 492, 502 (Bankr.

N.D. Ill. 2013). "Each case must be viewed on the basis of its own particular facts, and there must

be a balancing of the interest of the debtor with the interest of the secured creditor in its collateral."

*In re Bovino*, 496 B.R. at 502.

14.     "The decision of whether to lift the stay is committed to the discretion of the

bankruptcy judge." *In re Syndicom Corp.*, 268 B.R. 26, 43 (Bankr. S.D.N.Y. 2001). "The burden

of proof on a motion to lift the automatic stay is a shifting one: section 362(d)(1) requires an initial

showing of cause by the movant; then, with the exception of the debtor's equity in the property

(which is not at issue on a motion under section 362(d)(1), like this one), section 362(g) places the

burden of proof on the debtor for all other issues." *Id*. at 17.

15.     Here, the balance of interests favors granting AFS relief from the automatic stay to

move forward with the Hood County Lawsuit against Dynamic and the Foyts. The Debtor's

petition acknowledges AFS as a secured creditor, and lists AFS as having a $560,483.48 secured

claim. *See* ECF No. 1, at 15, Schedule D, Part 2.1.  The notice to creditors, however, states that

"[n]o property appears to be available to pay creditors." ECF No. 2, at 1, ¶ 8.  Furthermore, even

if it turns out that the Debtor has assets available to pay creditors, it is uncertain how long this

bankruptcy proceeding will take to resolve and how much, if anything, AFS will be able to recover

from the Debtor.

16.     Meanwhile, AFS has identified other (potentially solvent) defendants whom AFS believes to be liable to AFS for its damages and against whom AFS believes it has viable claims. It would be unfairly detrimental to AFS to require AFS to pause the Hood County Lawsuit and await the resolution of this Chapter 7 proceeding.

17.     AFS took out financing to fund the purchase of assets (namely, receivables or invoices) from the Debtor.  Ex. A., Reynolds Aff. ¶ 9. Having not received payment for a large amount of those receivables, AFS was unable to pay down the full amount of its loan. *See id*. ¶¶ 9-12. AFS has been accruing (and continues to accrue) interest at a rate of 11% on the unpaid principal.  *See id.* ¶¶ 9, 12. AFS has also missed out on other potential business opportunities as a result of not receiving payment of the receivables it purchased.  *See id*. ¶ 13

18.     In short, time is money for AFS.  The Court should lift the automatic stay to allow AFS to proceed with its efforts to recover its damages from Dynamic and the Foyts.[3]

*     *     *

WHEREFORE, PREMISES CONSIDERED, AFS respectfully requests that the Court enter an order lifting the automatic stay to permit AFS to pursue its claims against Dynamic and the Foyts in the Hood County Lawsuit and granting such further relief, in law and equity, to which AFS may be justly entitled.

---

[3] AFS likely also will commence an adversary proceeding against the Debtor and may join these co-defendants in that proceeding.

Dated: May 19, 2025.

 /s/ Derek Carson
T. Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Tiereney L. Bowman
State Bar No. 24136751
tbowman@canteyhanger.com
**CANTEY HANGER LLP**
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, TX  76102
T: (817) 877-2800
F: (817) 877-2807

**COUNSEL FOR ADVISORY
FINANCIAL SERVICES, LLC**

## CERTIFICATE OF CONFERENCE

On May 16, 2025, I conferred with Debtor's counsel, Daniel Wright, regarding the relief

sought in this motion.  The Debtor is opposed.  On May 19, 2025, I conferred with the Trustee,

Laurie Dahl Rea.  The Trustee is unable to take a position at this time.

 /s/ Derek Carson
T. Derek Carson

## **CERTIFICATE OF SERVICE**

On May 19, 2025, a copy of this document was served on counsel of record and the bankruptcy trustee via the Court's ECF system.

       /s/ Derek Carson
       T. Derek Carson