# EXHIBIT A

## AFFIDAVIT OF MATT REYNOLDS

STATE OF TEXAS                          §
                                        §
COUNTY OF TARRANT                       §

Before me, the undersigned authority, personally appeared Matt Reynolds, who, being by me duly sworn, deposed as follows:

1.      "My name is Matt Reynolds. I am over 18 years of age, of sound mind, and capable of making this affidavit.

2.      I am the owner of Advisory Financial Services, LLC ("AFS"). The facts stated in this affidavit are within my personal knowledge and are true and correct.

3.      By virtue of my duties and responsibilities, I am familiar with the manner in which AFS's records are created and maintained and am a custodian of records for AFS. The records identified in Exhibits 1 through 3 are kept by AFS in the course of regularly conducted business activity and are true and correct copies of the documents they purport to be. It is the regular practice of AFS to make or file these types of records at or near the time of each act, event, or condition set forth in the record. Further, it is the regular practice of AFS for these types of records to be made by, or from information transmitted by, a person with knowledge of the matters set forth in them.

4.      AFS is a factoring company. As a general practice, AFS finances the majority of its purchases of assets (i.e., invoices or accounts receivable) from its clients and then pays down the financing obligation with the funds received when the receivables are paid.

5.      Attached as **Exhibit A-1** is a true and correct copy of the factoring agreement between AFS and LA Services, LLC ("the Debtor").

6.      Attached as **Exhibit A-2** is a true and correct copy of the personal guaranty agreement between AFS and Adrianne Foyt.

7. Attached as **Exhibit A-3** is a true and correct copy of the personal guaranty agreement between AFS and Leonard Foyt, Jr.

8. Attached as **Exhibit A-4** is a true and correct copy of a letter that I sent to the named recipients on the date indicated.

9. To finance AFS's purchase of accounts receivable from the Debtor, AFS took out a loan with an interest rate of 11% per annum. AFS intended to pay down its loan with the funds received when the receivables were paid.

10. In late November 2024, AFS learned that one of the Debtor's customers had purportedly sent the Debtor a $636,591.33 payment on October 29, 2024; a $17,013.40 payment on October 30, 2024; and a $81,202.58 payment on November 5, 2024, all of which were payments of invoices/accounts receivable that AFS had purchased from the Debtor and which were owed to AFS at the time when the payments were made.

11. In early December 2024, when confronted about the payments, Leonard Foyt Jr. confirmed to me that the payments had been received and that the Debtor and the Foyts would not be remitting those payments to AFS. And in fact the Debtor did not remit those payments to AFS.

12. Without receiving those payments, AFS was unable to fully pay down its loan and, to date, AFS is unable to fully pay down its loan. AFS has accrued—and continues to accrue—11% interest on the unpaid principal on the loan.

13. The lack of payments for the receivables that AFS purchased has also cost AFS other business opportunities that might have been available to AFS had there been sufficient funds to purchase additional invoices from clients. AFS remains limited by the lack of payments on the invoices discussed above.

FURTHER AFFIANT SAYETH NOT."

_____

Matt Reynolds, Owner
Advisory Financial Services, LLC

SUBSCRIBED AND SWORN TO BEFORE ME, on this 15 day of May, 2025.

THERESA M. GONZALES
Notary Public, State of Texas
My Comm. Exp. 01-21-2026
ID No. 13354511-8

_____

Notary Public, State of Texas

My Commission Expires: 01/21/2026