# EXHIBIT A-2

## CONTINUING GUARANTY

Payee:  **Advisory Financial Services, LLC**    Debtor:    **Adrianne Foyt**
3020 Bellaire Ranch Dr #1524                                   223 Industrial Ave
Fort Worth, TX 76109                                            Granbury, TX 76048

1.  Guaranty. The undersigned Alton Nelson "Guarantor") absolutely, unconditionally and irrevocably agrees to pay to Payee at Payee's address set out above, when due or declared due, all obligations, undertakings, indemnifications or other liabilities of every kind and character and however arising for which Debtor now is or hereafter shall be obligated to Payee in regard to any obligations Debtor has to Advisory Financial Services. ("Obligation(s)"). This is a guaranty of payment, not collection. Guarantor warrants and represents to Payee that Guarantor has an interest in Debtor and it is in the best interests of Guarantor to guarantee payment of the Debt. Guarantor acknowledges that this Guaranty is given as a condition precedent to Payee's willingness to consider extending credit to Debtor and that Guarantor will derive a substantial benefit from any extension of credit by Payee to Debtor. Guarantor further acknowledges that this Guaranty shall not obligate Payee to extend any particular amount of credit or continue to extend any credit whatsoever to Debtor.

2.  Waivers of Guarantor. Guarantor waives (i) diligence in preserving liability of any person on the Debt and in collecting or bringing suit to collect the Debt, (ii) all rights of Guarantor to require Payee to pursue collection of the Debt from Debtor, (iii) protest, (iv) notice of extensions, renewals or rearrangements of the Debt, (v) notice of acceptance of this Guaranty, of creation of the Debt, of failure to pay the Debt as it matures or of any other default, of any adverse change in Debtor's financial condition, of release or substitution of collateral (if any) and of subordination of Payee's rights in any collateral and every other notice of every kind, (vi) any bankruptcy, insolvency, reorganization, merger, consolidation or conversion of Debtor or any other guarantor of the Debt, (vii) the discharge or release of Debtor or any other guarantor of the Debt, (viii) any failure of Payee to disclose to Guarantor any information relating to the financial condition, operations or properties of Debtor or any other guarantor of the Debt (Guarantor hereby waives any duty of Payee to disclose such information), Guarantor's obligations hereunder shall not be altered nor shall Payee be liable to Guarantor because of any action or inaction of Payee in regard to a matter waived or notice of which is waived by Guarantor in the preceding sentence and Guarantor further releases and discharges Payee from any and all liabilities or obligations for any matters described in the preceding sentence.

3.  Security. Payment hereof is secured by a FIRST lien and encumbrance on the Collateral as defined and listed in the Factor Agreement between Guarantor and Payee and any amendments, changes, or modifications thereto.

4.  Collection Costs. Guarantor agrees to pay reasonable attorney's fees, legal disbursements, court costs and all other costs of enforcement or collection if this Guaranty is placed in the hands of an attorney for collection.

**CONTINUING GUARANTY – Page 1**

5. <u>Change of Status</u>. Should the status of Debtor change through merger, consolidation or otherwise, this Guaranty shall continue and shall cover the Debt under the new status.

6. <u>Continuing</u>. This is an absolute, unconditional and continuing guaranty of payment.

7. <u>Remedies</u>. Payee need not resort to Debtor or any other person or proceed against collateral before pursuing Payee's rights against Guarantor. Payee's action or inaction with respect to any right of Payee under any law or any agreement shall not alter the Obligation of Guarantor hereunder. Payee may pursue or may release or waive any remedy against Debtor or any collateral, or under any other guaranty without altering the Obligations of Guarantor hereunder, and without liability to Guarantor even though Payee's pursuit or release or waiver of such remedy may result in Guarantor's loss of rights (i) of subrogation or (ii) to proceed against others for reimbursement or contribution or any other rights. Guarantor's absolute liability hereunder shall not be released, impaired, diminished or otherwise affected by any taking, release or non-perfection of any collateral or other security of any type whatsoever. No payment by Guarantor shall entitle Guarantor, by subrogation or otherwise, to any rights against Debtor prior to full payment of all of the Debt.

8. <u>Unenforceability or Uncollectibility of Debt</u>. Guarantor shall remain liable for the Debt even though the Debt is uncollectible from Debtor or any other person because of incapacity, lack of power or authority, bankruptcy, invalidity, discharge or for any other reason.

9. <u>Notice of Institution of Suit</u>. Payee need not notify Guarantor that Payee has sued Debtor.

10. <u>Additional Security</u>. INTENTIONALLY DELETED

11. <u>Transferees of Debt</u>. This Guaranty shall inure to the benefit of Payee's successors, transferees and assigns.

12. <u>Suit against Guarantor</u>. Payee may sue Guarantor without impairing Payee's rights with or without making Debtor or any other guarantor or surety a party. Payee may settle with Debtor for such sums as Payee may elect, or may release Debtor, without impairing Payee's right to collect the Debt from Guarantor.

13. <u>Covenants</u>. INTENTIONALLY DELETED

14. <u>Authority</u>. Guarantor warrants and represents that (i) the person signing this Guaranty on behalf of Guarantor has full and complete authority to execute and deliver this Guaranty on behalf of Guarantor, (ii) Guarantor has obtained all consents, authorities or approvals which are necessary or appropriate for Guarantor to execute and deliver this Guaranty on behalf of Guarantor and (iii) upon execution, this Guaranty constitutes the legal valid, binding and enforceable obligation of Guarantor.

15.     Subordination.  Guarantor further agrees that all of the present and future indebtedness of Debtor to Guarantor shall be and is hereby subordinated to the payment of Guarantor's Obligations hereunder and Guarantor shall from time to time hereafter on request of Payee execute such other documents as Payee may request to evidence the foregoing subordination.

16.     Offset. INTENTIONALLY DELETED

17.     Joint and Several.  If more than one Guarantor executes this Guaranty, the liability of each Guarantor hereunder shall be joint and several.

18.     Entire Agreement.  All prior negotiations and understandings of the parties relating to the subject matter hereof are merged herein.  This instrument contains the entire agreement between the parties relating to such subject matter and supersedes all prior agreements, written and oral, if any, relating thereto.

19.     Severability.  If any provision of this Guaranty or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Guaranty and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

20.     Multiple Counterparts.  This Guaranty may be executed in any number of counterparts which together shall constitute the same document.

21.     Notices and Other Communications.  All notices hereunder shall be delivered to Guarantor at the address shown on the signature page hereof.  All such notices and other communications shall be deemed to be given or made upon the earlier to occur of (i) actual receipt and (ii) (a) if delivered by hand or by courier, when signed for by or on behalf of Guarantor, (b) if delivered by mail, three businesses days after deposit in the mails, postage prepaid or (c) if delivered by facsimile, upon confirmation of transmission, but only if also sent by courier for next day delivery.

22.     **GOVERNING LAW/JURISDICTION.  THIS GUARANTY SHALL BE GOVERNED BY AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF TEXAS, EXCLUDING CHOICE OF LAW PROVISIONS THEREOF.  IN ANY PROCEEDING TO ENFORCE OR INTERPRET THIS GUARANTY, GUARANTOR HEREBY EXPRESSLY CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS OF THE STATE OF TEXAS AND VENUE SHALL BE PROPER IN TARRANT COUNTY.**

23.    <u>WAIVER OF TRIAL BY JURY</u>. GUARANTOR AND PAYEE HEREBY AGREE NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE BY JURY AND HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY TO THE FULLEST EXTENT PERMITTED BY LAW WITH REGARD TO THIS GUARANTY OR ANY OTHER LOAN DOCUMENT OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR AND PAYEE AND IS INTENDED TO ENCOMPASS EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO TRIAL BY JURY WOULD OTHERWISE ACCRUE.

24.    <u>NOTICE OF FINAL AGREEMENT</u>. THIS GUARANTY AND THE OTHER LOAN DOCUMENTS REPRESENT THE FINAL AGREEMENT AMONG THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS AMONG THE PARTIES.

GUARANTOR

Adrianna Foyt

_____          Date: February 2, 2024
Signed by