Michael S. Uryasz
Greak, Shooter & Uryasz, P.C.
8008 Slide Road, Suite 30
Lubbock, Texas 79424
(806) 783-0081 (Telephone)
(806) 783-0045 (Facsimile)
Email: muryasz@greaklaw.com
State Bar No. 24082440
ATTORNEY FOR WELLINGTON STATE BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LA SERVICES, LLC | § | CASE NO. 25-41496-mxm7 |
| | § | |
| DEBTOR | § | |

## AGREED MOTION FOR RELIEF OF AUTOMATIC STAY

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(B), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THIS MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH STREET, ROOM 147, FORT WORTH, TEXAS 76102, BEFORE THE CLOSE OF BUSINESS ON SEPTEMBER 11, 2025, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THIS CASE.**

**ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE JUDGE OF SAID COURT:

WELLINGTON STATE BANK, movant herein, files this *Agreed Motion for Relief*

*Automatic Stay* as provided by 11 U.S.C. §362(a) and as grounds in support of such Motion would

---

show the Court the following:

1. On or about April 30, 2025, Debtors filed for relief under the *Bankruptcy Code*, Chapter 7.

2. Movant WELLINGTON STATE BANK is a secured creditor.

3. Debtor LA SERVICES, LLC executed an Adjustable Rate Note ("Note xxxx4133") attached hereto as Exhibit "A" and incorporated herein by reference. Included with Exhibit "A" is a true and correct payoff calculation by WELLINGTON STATE BANK up to April 30, 2025, which was the filing of this bankruptcy.

4. Debtor LA SERVICES, LLC executed a Promissory Note ("Note xxxx4249") attached hereto as Exhibit "B" and incorporated herein by reference. Included with Exhibit "B" is a true and correct payoff calculation by WELLINGTON STATE BANK up to April 30, 2025, which was the filing of this bankruptcy.

5. Debtor LA SERVICES, LLC executed a Promissory Note ("Note xxxx4213") attached hereto as Exhibit "C" and incorporated herein by reference. Included with Exhibit "C" is a true and correct payoff calculation by WELLINGTON STATE BANK up to April 30, 2025, which was the filing of this bankruptcy.

6. The total amount owed to WELLINGTON STATE BANK, according to WELLINGTON STATE BANK, as of the date of filing, April 30, 2025, and including principal and interest is $466,430.40. *See* Exs. A, B, and C. Debtor's scheduled value of the property is $442,533.66. (Doc. No. 1, Schedule D at 8 and 26). Debtor has already surrendered and agreed to disposition of certain collateral being the 2017 Ford Pickup and 2017 Ram Pickup as referred herein *infra.* (Doc. No. 1 at 26). The Trustee filed her Notice of Intent to Abandon Property of the

Estates on July 2, 2025. (Doc. No. 30). No party objected to the intent to abandon and accordingly, the Trustee has abandoned the real property. (Doc. No. 30 at 2).

7.      Pursuant to 11 U.S.C. §362(d), WELLINGTON STATE BANK seeks to have the stay lifted as to the below real property and listed equipment and against Debtor and intends to foreclose on its security interests in the collateral described as follows:

a.      Tract A in GRANBURY INDUSTRIAL PARK, a subdivision in Hood County, Texas, according to the plat recorded in Slide A-234-B of the Plat Records, Hood County, Texas, and Tracts B1 and B2 in GRANBURY INDUSTRIAL PARK, a subdivision in Hood County, Texas according to the plat recorded in Slide A-288 of the Plat Records of Hood County, Texas. This property is also known as 223 Industrial Avenue, Granbury, Texas 76049;

b.      2017 Ford Pickup VIN 1FT8W3BT7HEC98233; and

c.      2017 Ram Pickup VIN 3C6RRGL5HG650772.

WHEREFORE, PREMISES CONSIDERED, WELLINGTON STATE BANK requests this Court to lift the automatic stay provided by 11 U.S.C. §362(a) as to this Creditor so it may foreclose its security interests in the aforementioned real property and equipment, secure such real property and equipment, and take other action that is necessary to protect its security interests, and for such other and further relief to which WELLINGTON STATE BANK may justly show itself entitled.

Respectfully submitted,

GREAK, SHOOTER & URYASZ, P.C.
8008 Slide Road, Suite 30
Lubbock, Texas  79424-2828
806/783-0081 (Telephone)
806/783-0045 (Facsimile)
Email: muryasz@greaklaw.com


By: _____
MICHAEL S. URYASZ
TX State Bar No. 24082440

ATTORNEY FOR CREDITOR WELLINGTON
STATE BANK


## CERTIFICATE OF CONFERENCE

On the 18th day of August, 2025, I conferred with the Bankruptcy Trustee, Laurie Dahl Rea concerning this *Agreed Motion for Relief from Automatic Stay*.  Ms. Rea does not oppose the filing and granting of this Motion.

On the 18th day of August, 2025, I conferred with Daniel S. Wright, counsel for debtor, concerning this *Agreed Motion for Relief from Automatic Stay*.  Mr. Wright does not oppose the filling and granting of this Motion.


_____
MICHAEL S. URYASZ

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH BLR 4001

I hereby certify that on the 28th day of August, 2025, a true and correct copy of the above and foregoing instrument was served via ECF and/or United States First Class Mail on the following:

LA Services, LLC
P.O. Box 1603
Granbury, Texas 76048
DEBTOR

Linebarger Goggan Blair & Sampson, LLP
c/o Sherrel K. Knighton
3500 Maple Avenue
Suite 800
Dallas, Texas 75219-3959
Attorney for HOOD CAD

Internal Revenue Service
Special Procedures – Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

All parties in interest registered with the
U.S. Bankruptcy Court to receive electronic
Notices in this case.


_____
MICHAEL S. URYASZ

# EXHIBIT A

Note #⬛⬛4133

## ADJUSTABLE RATE NOTE

**NOTICE TO BORROWER: THIS NOTE CONTAINS A PROVISION ALLOWING FOR CHANGES IN THE INTEREST RATE. INCREASES IN THE INTEREST RATE WILL RESULT IN HIGHER PAYMENTS. DECREASES IN THE INTEREST RATE WILL RESULT IN LOWER PAYMENTS.**

**LA SERVICES LLC, a Texas limited liability company**
Borrower Name

| $482,000.00 | February 1, 2022 | Granbury | Texas |
|---|---|---|---|
| Note Amount | Date | City | State |

| 223 Industrial | | Granbury | Texas | 76049 |
|---|---|---|---|---|
| Mailing Address | | City | State | Zip Code |

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. Dollars **FOUR HUNDRED EIGHTY-TWO THOUSAND and 00/100 DOLLARS ($482,000.00)** (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is **WELLINGTON STATE BANK.**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder".

### 2. INTEREST

Interest will be charged on that part of outstanding principal which has not been paid. Interest will be charged beginning on the date I receive principal and continuing until full amount of principal I receive has been paid.

Beginning on the date of this Note, I will pay interest at a yearly rate beginning at **four point sixty percent (4.60%)** (the "Initial Interest Rate"). Interest rate changes may occur on the **1st day of February every five years, beginning on February, 2027** and on that same day of each **February every five years thereafter.** The interest rate that I will pay will remain at **four point sixty percent (4.60%)** until **February, 2027,** at which time the interest rate shall be adjusted in accordance with the interest rate adjustments set forth below. Each date on which the rate of interest may change will be called a "Change Date".

Qdf
Borrowers' Initials

Adjustable Rate Note                                                    Page 1 of 5

## 3. PAYMENTS

### (A) Time, Place of Payments, and Amount of Monthly Payments

I will pay **240 monthly** payments of principal and interest beginning on **March 1, 2022** and continuing every month thereafter, and I will continue to pay a principal and interest payment on the **1st** day of each month following successively thereafter. My initial monthly payment due on **March 1, 2022** will be in the amount of **$3,074.95.** Beginning on **March 1, 2027,** and each **March 1st every five years thereafter,** the monthly principal and interest amounts of this note may change. Such principal and interest payment amount will be in an amount necessary to amortize the remaining principal balance over the term remaining from the original 20 year term, based on the interest rate as set forth above. I will make a final monthly payment of principal and all accrued interest on or before **February 1, 2042.**

I will make my monthly payments at 1343 N. Plaza Drive, Hood County, Granbury, Texas 76048, or at a different place if required by the Note Holder.

### (B) Borrower's Payments Before They Are Due

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so. I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates of my monthly payments unless the Note Holder agrees in writing to those delays. My partial prepayment will reduce the amount of my monthly payment after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

## 4. INTEREST RATE CHANGES

### (A) The Index

Any changes in the interest rate will be based on changes in an interest rate index which will be called the "Index". The Index is the minimum prime rate of interest as announced or published in the Wall Street Journal (Southwest Edition), currently three point twenty-five percent (3.25%)

If the Index ceases to be made available by the publisher, or by any successor to the publisher, the Note Holder will set the Note interest rate by using a comparable index.

_CxcP_____
Borrowers' Initials

---

Adjustable Rate Note

### (B) Setting the New Interest Rate

To set the new interest rate on **February 1, 2027, and every five years thereafter,** the Note Holder will add **1.35** percentage points to the Current Index Rate. The result of this addition is the interest rate charged on the outstanding principal balance of this Note until the next "Change Date". The Current Index Figure is the most recent Index figure available on the Change Date. The amount of interest rate will be rounded to the nearest one-eighth of one percentage point. on any Change Date. The interest rate during the term of this Note shall not exceed **18%** per annum or be less than **4.60%** per annum.

Any change in the interest rate will be without notice to me.

## 5. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Notice from Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default.

### (B) Default

If I do not pay the overdue amount, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (C) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its reasonable costs and expenses to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorney's fees and collection costs.

## 6. WAIVERS

The Borrower waives certain rights. Those rights are (A) the right to require the Note Holder to demand payment of amounts due (known as "presentment") (B) the right to require the Note

_Borrowers' Initials_

Holder to give notice that amounts due have not been paid (known as "notice of dishonor") (C) the right to receive Notice of Intent to Accelerate and (D) the right to receive Notice of Acceleration.

## 7. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by mailing it by first class mail. All notices will be addressed to me at the Mailing Address above. Notices will be mailed to me at a different address if I give the Note Holder a notice of my different address.

## 8. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. LOAN CHARGES

It is the intention of the parties hereto to comply with the usury laws of the State of Texas and the United States of America. The parties hereto do not intend to contract for, charge or receive any interest or other charges which are usurious, and by execution of this Note Borrower agrees that Lender has no such intention. This Note, the Agreements and the liens securing the payment of this Note, and all other Agreements between the Borrower and Lender, or any other holder hereof, which are now existing or hereinafter arising, whether written or oral, are hereby expressly limited so that in no event whatsoever, whether by reason of acceleration of maturity hereof or otherwise, shall the amount paid or agreed to be paid to Lender or any other holder hereof, for the use, forbearance or detention of the money to be due hereunder or otherwise, or for the payment or performance of any covenant or obligation contained herein, or any other document evidencing, securing or pertaining to the indebtedness evidenced hereby, exceed the maximum rate. If from any circumstances whatsoever, fulfillment of any provision hereof or any document, at the time or performance of such provision shall be due, shall involve transcending the valid limits prescribed by law, then, ipso facto, the obligation to be fulfilled shall be reduced to the maximum rate, and if from any such circumstances Lender or any other holder shall ever receive as interest or otherwise an amount which will exceed the maximum rate, such amount which would be excess of interest shall be applied to the reduction of principal amount owing hereunder or on account of any other principal indebtedness of Borrower to the holder and not to the payment of interest, or if such excessive interest exceeds the unpaid principal balance hereof, then such excess shall be refunded to Borrower. All sums paid and agreed to be paid to Lender or any other holder for use, forbearance or detention of indebtedness of the Borrower shall, to the extent permitted by applicable law, be amortized, pro rated, allocated, and spread through the periods until payment in full of this Note (or any renewals, extensions and

Adf
Borrowers' Initials

---

Adjustable Rate Note                                               Page 4 of 5

rearrangements hereof), so that the actual rate of interest on account of this indebtedness evidenced by this Note is uniform throughout the term of this Note (and all renewals, extensions and rearrangements hereof), and does not exceed the maximum rate. The terms and provisions of this paragraph shall control and supersede any other provision of this Note.

## 10. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed Of Trust, Security Agreement, Financing Statement, and Fixture Filings Pursuant To The *Texas Business & Commerce Act* dated the 1st day of February, 2022 protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. **The Note is secured by a Deed of Trust lien in the following described property, to-wit: Tract A in GRANBURY INDUSTRIAL PARK, a subdivision in Hood County, Texas, according to the plat recorded in Slide A-234-B of the Plat Records, Hood County, Texas, and Tracts B1 and B2 in GRANBURY INDUSTRIAL PARK, a subdivision in Hood County, Texas according to the plat recorded in Slide A-288 of the Plat Records of Hood County, Texas. This property is also known as 223 Industrial Avenue, Granbury, Texas 76049**

**EXECUTED** this 1st day of February, 2022.

**LA SERVICES LLC,**
**a Texas limited liability company**

By: _____

**Adrianne Foyt, Manager**

_____
Borrowers' Initials

### EXHIBIT "A"

**Tract A in GRANBURY INDUSTRIAL PARK, a subdivision in Hood County, Texas, according to the plat recorded in Slide A-234-B of the Plat Records, Hood County, Texas, and Tracts B1 and B2 in GRANBURY INDUSTRIAL PARK, a subdivision in Hood County, Texas according to the plat recorded in Slide A-288 of the Plat Records of Hood County, Texas.**

This property is also known as **223 Industrial Avenue, Granbury, Texas  76049**

4

LS6410P1

06/04/2025

LA SERVICES LLC
223 INDUSTRIAL AVE
GRANBURY TX 76049-7842

Re: Loan  XXXXXX4133
         223 INDUSTRIAL AVE.
         GRANBURY TX 76049                          4133

Dear LA SERVICES LLC        .

This estimated payoff loan letter reflects your unpaid principal
balance, interest due and any outstanding fees, (i.e. priority
statement fee, late charge, escrow advances and attorney fees)
through the date of 04/30/2025.

         Principal                  436,801.00
         Interest                     5,835.18
         Per Diem                 55.048893150
         Fees                             .00
         Late Charges                     .00
         Rebates                          .00
         Prepayment Penalty               .00
         Payoff                      442,636.18

If you decide not to payoff your loan by the payoff date,
interest will continue to accrue in accordance with your loan
contract and/or disclosures, in addition to the assessment of
any other applicable fees and/or charges. The estimated payoff
loan amount in this letter may actually vary from your final
payoff amount owed on this loan due to posted transactions
made on this loan account after the date of this letter.

Please submit your payoff funds to Wellington State Bank.
WELLINGTON STATE BANK-GRANBURY
1343 N PLAZA DR
GRANBURY TX 76048

Wellington State Bank remains committed to providing our
customers with the best banking solutions in the industry. If
you have any questions or need any further assistance, please
do not hesitate to contact me.

_____
Loan Servicing Representative Name
Loan Servicing

# EXHIBIT B

000044093*000000010004249*20220105*000000000650

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | [redacted] No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $42,448.00 | 01-05-2022 | 01-05-2026 | [redacted]4249 | 11 | [redacted] | CRP | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** LA SERVICES LLC
PO BOX 1603
GRANBURY, TX 76048

**Lender:** WELLINGTON STATE BANK
WELLINGTON STATE BANK
1343 N PLAZA DR
GRANBURY, TX 76048
(817) 579-6000

---

**Principal Amount: $42,448.00** **Interest Rate: 5.000%** **Date of Note: January 5, 2022**

**PROMISE TO PAY. LA SERVICES LLC ("Borrower") promises to pay to WELLINGTON STATE BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Forty-two Thousand Four Hundred Forty-eight & 00/100 Dollars ($42,448.00), together with interest on the unpaid principal balance from January 5, 2022, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 5.000%, until maturity. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.**

**PAYMENT. Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, Borrower will pay this loan in 48 payments of $977.45 each payment. Borrower's first payment is due February 5, 2022, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on January 5, 2026, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any unpaid collection costs; then to any accrued unpaid interest; and then to principal. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.**

**ADDITIONAL PROVISIONS FOR ADVANCES.** Lender will have no obligation to advance funds under this note if borrower or guarantor have any adverse change on their financial condition; such will not violate any laws or regulations.

**MAXIMUM INTEREST RATE.** Under no circumstances will the interest rate on this Note exceed (except for any higher default rate shown below) the lesser of 18.000% per annum or the maximum rate allowed by applicable law.

**INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.**

**PREPAYMENT.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Prepayment in full shall consist of payment of the remaining unpaid principal balance together with all accrued and unpaid interest and all other amounts, costs and expenses for which Borrower is responsible under this Note or any other agreement with Lender pertaining to this loan, and in no event will Borrower ever be required to pay any unearned interest. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: WELLINGTON STATE BANK, WELLINGTON, TEXAS, 1343 N PLAZA DR GRANBURY, TX 76048.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18.000%. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate

**PROMISSORY NOTE**
**(Continued)**

Loan No: ▨▨▨4249                                                                                     **Page 2**

reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire indebtedness, including the unpaid principal balance under this Note, all accrued unpaid interest, and all other amounts, costs and expenses for which Borrower is responsible under this Note or any other agreement with Lender pertaining to this loan, immediately due, without notice, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire an attorney to help collect this Note if Borrower does not pay, and Borrower will pay Lender's reasonable attorneys' fees. Borrower also will pay Lender all other amounts Lender actually incurs as court costs, lawful fees for filing, recording, releasing to any public office any instrument securing this Note; the reasonable cost actually expended for repossessing, storing, preparing for sale, and selling any security; and fees for noting a lien on or transferring a certificate of title to any motor vehicle offered as security for this Note, or premiums or identifiable charges received in connection with the sale of authorized insurance.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Texas without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Texas.

**CHOICE OF VENUE.** If there is a lawsuit, and if the transaction evidenced by this Note occurred in HOOD County, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of HOOD County, State of Texas.

**DISHONORED CHECK CHARGE.** Borrower will pay a processing fee of $20.00 if any check given by Borrower to Lender as a payment on this loan is dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** Borrower acknowledges this Note is secured by ALL COLLATERAL AS PROVIDED FOR AND/OR CITED IN ANY AND ALL SECURITY AGREEMENTS AND/OR DEEDS OF TRUST SIGNED BY ANY AND ALL GRANTORS FOR THE PURPOSE OF PLEDGING COLLATERAL TO SAID NOTE.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. NOTICE: Under no circumstances (and notwithstanding any other provisions of this Note) shall the interest charged, collected, or contracted for on this Note exceed the maximum rate permitted by law. The term "maximum rate permitted by law" as used in this Note means the greater of (a) the maximum rate of interest permitted under federal or other law applicable to the indebtedness evidenced by this Note, or (b) the higher, as of the date of this Note, of the "Weekly Ceiling" or the "Quarterly Ceiling" as referred to in Sections 303.002, 303.003 and 303.006 of the Texas Finance Code. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Texas (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. The right to accelerate maturity of sums due under this Note does not include the right to accelerate any interest which has not otherwise accrued on the date of such acceleration, and Lender does not intend to charge or collect any unearned interest in the event of acceleration. All sums paid or agreed to be paid to Lender for the use, forbearance or detention of sums due hereunder shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of the loan evidenced by this Note until payment in full so that the rate or amount of interest on account of the loan evidenced hereby does not exceed the applicable usury ceiling. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, notice of dishonor, notice of intent to accelerate the maturity of this Note, and notice of acceleration of the maturity of this Note. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PROMISSORY NOTE**
**(Continued)**

Loan No: ✕4249

Page 3

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE.  BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

LA SERVICES LLC

By: _____
ADRIANNE FOYT, Managing Member of LA
SERVICES LLC

LENDER:

WELLINGTON STATE BANK

X_____
CHIP PATTERSON, BRANCH PRESIDENT

LaserPro, Ver. 21.2.10.008  Copr. Finastra USA Corporation 1997, 2022.  All Rights Reserved  - TX  M:\CFI\LPL\D20.FC  TR-10004249  PR-2

LS6410P1

06/04/2025

LA SERVICES LLC
223 INDUSTRIAL AVE
GRANBURY TX 76049-7842

Re: Loan  XXXXXX4249

249

Dear LA SERVICES LLC

This estimated payoff loan letter reflects your unpaid principal
balance, interest due and any outstanding fees, (i.e. priority
statement fee, late charge, escrow advances and attorney fees)
through the date of 04/30/2025.

| | |
|---|---|
| Principal | 11,436.50 |
| Interest | 166.06 |
| Per Diem | 1.566643835 |
| Fees | .00 |
| Late Charges | .00 |
| Rebates | .00 |
| Prepayment Penalty | .00 |
| Payoff | 11,602.56 |

2017 Ford F-350

If you decide not to payoff your loan by the payoff date,
interest will continue to accrue in accordance with your loan
contract and/or disclosures, in addition to the assessment of
any other applicable fees and/or charges. The estimated payoff
loan amount in this letter may actually vary from your final
payoff amount owed on this loan due to posted transactions
made on this loan account after the date of this letter.

Please submit your payoff funds to Wellington State Bank.
WELLINGTON STATE BANK-GRANBURY
1343 N PLAZA DR
GRANBURY TX 76048

Wellington State Bank remains committed to providing our
customers with the best banking solutions in the industry. If
you have any questions or need any further assistance, please
do not hesitate to contact me.

_____

Loan Servicing Representative Name
Loan Servicing

# EXHIBIT C

000044093*000000010004213*20211228*000000000650

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $44,577.71 | 12-28-2021 | 12-28-2025 | ☒4213 | 1F | ☒ | CRP | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:**   LA SERVICES LLC, a Texas limited liability
company
PO BOX 1603
GRANBURY, TX 76048

**Lender:**   WELLINGTON STATE BANK
WELLINGTON STATE BANK
1343 N PLAZA DR
PO BOX 996
GRANBURY, TX 76048
(817) 579-6000

---

**Principal Amount: $44,577.71**            **Interest Rate: 5.000%**            **Date of Note: December 28, 2021**

**PROMISE TO PAY.** LA SERVICES LLC, a Texas limited liability company ("Borrower") promises to pay to WELLINGTON STATE BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Forty-four Thousand Five Hundred Seventy-seven & 71/100 Dollars ($44,577.71), together with interest on the unpaid principal balance from December 28, 2021, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 5.000%, until maturity. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, Borrower will pay this loan in 48 payments of $1,026.57 each payment. Borrower's first payment is due January 28, 2022, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on December 28, 2025, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any unpaid collection costs; then to any accrued unpaid interest; and then to principal. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**ADDITIONAL PROVISIONS FOR ADVANCES.** Lender will have no obligation to advance funds under this note if borrower or guarantor have any adverse change on their financial condition; such will not violate any laws or regulations.

**MAXIMUM INTEREST RATE.** Under no circumstances will the interest rate on this Note exceed (except for any higher default rate shown below) the lesser of 18.000% per annum or the maximum rate allowed by applicable law.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Prepayment in full shall consist of payment of the remaining unpaid principal balance together with all accrued and unpaid interest and all other amounts, costs and expenses for which Borrower is responsible under this Note or any other agreement with Lender pertaining to this loan, and in no event will Borrower ever be required to pay any unearned interest. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: WELLINGTON STATE BANK, WELLINGTON, TEXAS, 1343 N PLAZA DR GRANBURY, TX 76048.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18.000%. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or

Loan No  4213

**PROMISSORY NOTE**
(Continued)

Page 2

a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire indebtedness, including the unpaid principal balance under this Note, all accrued unpaid interest, and all other amounts, costs and expenses for which Borrower is responsible under this Note or any other agreement with Lender pertaining to this loan, immediately due, without notice, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire an attorney to help collect this Note if Borrower does not pay, and Borrower will pay Lender's reasonable attorneys' fees. Borrower also will pay Lender all other amounts Lender actually incurs as court costs, lawful fees for filing, recording, releasing to any public office any instrument securing this Note; the reasonable cost actually expended for repossessing, storing, preparing for sale, and selling any security; and fees for noting a lien on or transferring a certificate of title to any motor vehicle offered as security for this Note, or premiums or identifiable charges received in connection with the sale of authorized insurance.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Texas without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Texas.

**CHOICE OF VENUE.** If there is a lawsuit, and if the transaction evidenced by this Note occurred in HOOD County, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of HOOD County, State of Texas.

**DISHONORED CHECK CHARGE.** Borrower will pay a processing fee of $20.00 if any check given by Borrower to Lender as a payment on this loan is dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** Borrower acknowledges this Note is secured by ALL COLLATERAL AS PROVIDED FOR AND/OR CITED IN ANY AND ALL SECURITY AGREEMENTS AND/OR DEEDS OF TRUST SIGNED BY ANY AND ALL GRANTORS FOR THE PURPOSE OF PLEDGING COLLATERAL TO SAID NOTE.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. NOTICE: Under no circumstances (and notwithstanding any other provisions of this Note) shall the interest charged, collected, or contracted for on this Note exceed the maximum rate permitted by law. The term "maximum rate permitted by law" as used in this Note means the greater of (a) the maximum rate of interest permitted under federal or other law applicable to the indebtedness evidenced by this Note, or (b) the higher, as of the date of this Note, of the "Weekly Ceiling" or the "Quarterly Ceiling" as referred to in Sections 303.002, 303.003 and 303.006 of the Texas Finance Code. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Texas (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. The right to accelerate maturity of sums due under this Note does not include the right to accelerate any interest which has not otherwise accrued on the date of such acceleration, and Lender does not intend to charge or collect any unearned interest in the event of acceleration. All sums paid or agreed to be paid to Lender for the use, forbearance or detention of sums due hereunder shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of the loan evidenced by this Note until payment in full so that the rate or amount of interest on account of the loan evidenced hereby does not exceed the applicable usury ceiling. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, notice of dishonor, notice of intent to accelerate the maturity of this Note, and notice of acceleration of the maturity of this Note. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

| | **PROMISSORY NOTE** | |
|---|---|---|
| Loan No: 4213 | **(Continued)** | **Page 3** |

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE.  BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

LA SERVICES LLC, A TEXAS LIMITED LIABILITY COMPANY

By: _____
   ADRIANNE  FOYT,  Managing  Member  of  LA
   SERVICES LLC, a Texas limited liability company

**LENDER:**

WELLINGTON STATE BANK

X _____
   CHIP PATTERSON, BRANCH PRESIDENT

LaserPro, Ver. 21.2.10.006  Copr. Finastra USA Corporation 1997, 2021.  All Rights Reserved.  - TX  C:\LaserProDistributed\CFI\LPL\D20.FC  TR-10004213  PR-2

LS6410P1

06/04/2025

LA SERVICES LLC
223 INDUSTRIAL AVE
GRANBURY TX 76049-7842

Re: Loan   XXXXXX4213

4213

Dear LA SERVICES LLC

This estimated payoff loan letter reflects your unpaid principal
balance, interest due and any outstanding fees, (i.e. priority
statement fee, late charge, escrow advances and attorney fees)
through the date of 04/30/2025.

| | |
|---|---|
| Principal | 12,017.16 |
| Interest | 174.50 |
| Per Diem | 1.646186301 |
| Fees | .00 |
| Late Charges | .00 |
| Rebates | .00 |
| Prepayment Penalty | .00 |
| Payoff | 12,191.66 |

2017 Ram 3500

If you decide not to payoff your loan by the payoff date,
interest will continue to accrue in accordance with your loan
contract and/or disclosures, in addition to the assessment of
any other applicable fees and/or charges. The estimated payoff
loan amount in this letter may actually vary from your final
payoff amount owed on this loan due to posted transactions
made on this loan account after the date of this letter.

Please submit your payoff funds to Wellington State Bank.
WELLINGTON STATE BANK-GRANBURY
1343 N PLAZA DR
GRANBURY TX 76048

Wellington State Bank remains committed to providing our
customers with the best banking solutions in the industry. If
you have any questions or need any further assistance, please
do not hesitate to contact me.

_____
Loan Servicing Representative Name
Loan Servicing